SPEEDWAY TOWN ELECTION BOARD AND TOWN OF SPEEDWAY
*v.* MARION COUNTY ELECTION BOARD.

[No. 2-975A238. Filed October 20, 1976.]

*Henry C. Ryder, Ronald R. Snyder, Roberts, Ryder & Rogers,* of Indianapolis, for appellant.

*Joseph F. Quill,* of Indianapolis, for appellee.

WHITE, J.—This cause arose from a dispute between the Marion County Election Board and the Town of Speedway Election Board over which Election Board was to conduct the 1975 general election of town officers for the Town of Speedway.

On August 5, 1975, the Town of Speedway Election Board and the Town of Speedway, the appellants herein, commenced this action by filing a complaint seeking to have the Marion County Election Board enjoined from attempting to conduct the election of town officials and from interfering with Speedway's attempts to conduct the election.[1]

On September 19, 1975, after an evidentiary hearing, the trial court filed Findings of Fact and Conclusions of Law and entered its order denying Speedway's petition for a preliminary injunction.

Speedway immediately perfected this interlocutory appeal and petitioned this court for an injunction. On October 21, we enjoined the county from conducting the town election and from interfering with Speedway's conduct thereof.

We now reverse the interlocutory order of the trial court.

Town elections, like all elections, are regulated by the Indiana Election Code of 1945, as amended, which is Ind. Ann. Stat. Article 3-1 (Burns Code Ed., 1972) more specifically Chapter 3-1-17. Even the most cursory reading of that chapter indicates that, as a general rule, town elections are to be conducted by the town election board created therein. The separate nature of town elections is recognized by § 3-1-4-4 of the Election Code which defines the powers and duties of the county election board and re-

---

1. The specific dispute was whether the names of candidates for town officers would appear on, and the votes for those candidates be registered on, the voting machines provided by the county along with the names of and votes for those candidates elected by county-wide vote pursuant to Acts of 1969, Ch. 173 (Uni-Gov), with the results tallied by the county, or whether the town candidates would be elected by separate paper ballots supplied, tallied and supervised by Speedway.

peatedly excludes therefrom all powers and duties with respect to towns and the election of town officers. This is in contrast with city elections which are conducted by the county board. See § 3-1-16-3.

However, there is a proviso[2] in one section (3-1-17-4) of the chapter (3-1-17) regulating town elections and town committees which brings towns of over 3,000 population under city election laws "if the boundaries of such towns coincide with the boundaries of precincts in which such town is located. . . ."

The population of Speedway is 3,000, and over, but the trial court specifically found that four separate election precincts were located partially within and partially without the town limits. Thus, the trial court found as a fact that the boundaries of the Town of Speedway did not coincide with the boundaries of four of the precincts in which parts of the Town of Speedway are located. Consequently the proviso is not applicable to town elections in the Town of Speedway.

The trial court therefore erred in denying Speedway the preliminary injunction it sought. That decision is reversed and the trial court is directed to take such further action as may be consistent with the views expressed herein and appropriate under present circumstances.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 355 N.E.2d 871.

---

2. "Provided, That towns of this state having a population of three thousand (3,000) and over, according to the last preceding United States census, shall nominate and elect all officers of such town, pursuant to the laws of the state concerning the nomination of officers of cities, at a primary election and election of officers of cities at a city election *if the boundaries of such towns coincide with the boundaries of precincts in which such town is located. . . .*" (Our emphasis.)